**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GWENN CARTER,**

              **Plaintiff,**

-vs-                                            Case No. 6:05-cv-1137-Orl-31DAB

**CITY OF LAKE MARY, RICHARD BEARY, Chief of Police of the City of Lake Mary, OFFICER VIRGIL PICKLESIMER, OFFICER DOE NO. 1, DONALD ESLINGER, Individually and as Sheriff of Seminole County, Florida, DAVID DIGGS, C.O. ROE NO. 1, SEMINOLE COUNTY, FLORIDA, WAL-MART STORES, INC., LOWE'S HOME CENTERS, INC. & BANK OF AMERICA CORPORATION,**

              **Defendants.**

## ORDER

In 2002, Plaintiff, Gwen Carter, was the victim of identity theft. Her wallet was stolen and thereafter fraudulent charges were made at Wal-Mart and Lowe's against her bank account. Although Plaintiff had promptly closed her bank account, filed a police report and notified Wal-Mart and Lowe's that the charges were fraudulent, both Lowe's and Wal-Mart thereafter filed sworn complaints against Plaintiff, resulting in the filing of an Information and the issuance of a warrant for her arrest on August 19, 2002. Approximately one year later, Plaintiff was arrested on this warrant by a member of the Lake Mary Police Department.

As a result of these events, Plaintiff has brought suit in federal court alleging a violation of her constitutional rights under 42 U.S.C. section 1983 ("Section 1983"). (Doc. 1). In addition to

her constitutional claims against the local officials, Plaintiff asserts state law claims against Wal-Mart (Counts I and II), Lowe's (Counts III and IV) and Bank of America (Count IX).

Defendant, Lowe's, has moved to dismiss for lack of subject matter jurisdiction, (Doc. 25), contending that the exercise of supplemental jurisdiction under 28 U.S.C. section 1367 is not appropriate in this case. (Doc. 26 at 5). Plaintiff filed a response in opposition (Doc. 38).[1]

The presence of supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides in relevant part that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The question is thus whether the state law cause of action is so related to the federal claim that "they form part of the same case or controversy." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996). "In deciding whether a state law claim is part of the same case or controversy as a federal issue, [the courts] look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Id.* (internal citation omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact.").

The facts of this case do not favor the exercise of supplemental jurisdiction over these state claims. While the state claims may have led to Plaintiff's arrest, the constitutional claims which

---

[1]Plaintiff's only asserted basis for subject matter jurisdiction as to Lowe's is that of supplemental jurisdiction. *See* Complaint, Doc. 1 at ¶ 2.

occurred thereafter are independent and do not derive from a common nucleus of operative fact. In essence, there are two distinct claims lumped together in this case -- the state law claims for negligence and malicious prosecution, and the federal claims, which arose as a result of Plaintiff's arrest. Each set of claims is against a distinct group of defendants, and one claim ends where the other begins; i.e., with Plaintiff's arrest.[2] *See Hodge v. Dolgencorp, Inc.*, 2005 WL 1668535 at *2 (M.D. Fla. July 13, 2005) (state law battery claim against one defendant and federal labor claim against different defendant did not derive from common nucleus of operative fact, and thus court declined to exercise jurisdiction over state law claim); *Jakubiec v. Sacred Heart Health Sys., Inc.*, 2005 WL 1261443 at *6 (N.D. Fla. May 27, 2005). Accordingly, it is

**ORDERED** that Lowe's Motion to Dismiss (Doc. 25) is GRANTED. The Court declines to exercise supplemental jurisdiction over Counts III and IV, and these Counts are therefore DISMISSED, without prejudice.

**DONE and ORDERED** in Chambers, Orlando, Florida on October 19, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] The Plaintiff's state law claims against Wal-Mart (Counts I and II), Lowe's (Counts III and IV), and Bank of America (Count IX) sound in negligence and malicious prosecution, relating to the manner in which these entities allegedly handled or processed the Plaintiff's case prior to her arrest. In contrast, the Plaintiff's federal claims, Counts V through VIII, allege violations under Section 1983 resulting from the Plaintiff's arrest and/or subsequent treatment.